UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                   **REPORT, RECOMMENDATION AND ORDER**

v.

                                                   23-CR-00069(JLS)(JJM)

STEPHEN GLOVER, SR.,

                    Defendant.

_____

        Defendant Stephen Glover, Sr. is charged in a two-count Indictment [22][1] with being a felon in possession of a firearm, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(8) (id. at Count 1), and with possession of methamphetamine, in violation of 21 U.S.C. §844(a). Id. at Count 2. The charges against Glover arise from evidence seized pursuant a December 14, 2022 traffic stop.

        Before the court are Glover's motions to suppress the evidence seized from the traffic stop (Texido Affirmation [31], ¶¶69-74), to suppress statements (id., ¶¶63-65), and to dismiss Count 1 of the Indictment (id. at ¶¶75-77),[2] as well as the government's cross-motion for reciprocal discovery (government's Response [37], §XI), which have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [24]. Having considered the parties' submissions [31, 37] and heard oral argument on February 7, 2024 [38], for the following

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

[2]     Glover's counsel indicated that the remaining portions of the motion are resolved.

reasons the government's cross-motion is granted, and I recommend that Glover's motions be denied.

## DISCUSSION

A.  **Glover's Pretrial Motions**

   1.  **Suppression of Evidence**

Glover moves to suppress the evidence seized from his December 14, 2022 traffic stop, alleging "[u]pon information and belief, the basis for the stop was that [law enforcement] knew that Mr. Glover had a suspended license at some point in the past". Texido Affirmation [31], ¶69.  He argues that this "past criminality is insufficient to permit a traffic stop", that "the stop was in violation of the Fourth and Fourteenth Amendments", that "the search of the vehicle . . . was done without the requisite probable cause of criminal activity", and that "[a]ny purported consent to search the vehicle was involuntarily given". Id., ¶¶70-72.

The motion is not accompanied by an affidavit or declaration from Glover. Instead, the motion is supported by his attorney's affirmation, which states that his allegations concerning the traffic stop come from "a review of all police documents and bodyworn camera footage disclosed to date". Id., ¶74. However, none of these materials accompany the motion.

The government initially argues that Glover "has failed to file an appropriate affidavit and has failed to meet his burden required under the Court's [Scheduling Orders] and precedent to challenge the arrest and search during the traffic stop". Government's Response [37] at 24. I agree. It is well settled that "[a] defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched", United States v. Marshall, 2012 WL 5511645, *1 (W.D.N.Y.), adopted, 2012 WL 5948782 (W.D.N.Y. 2012), and that this burden is "met only by sworn

evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge". United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995).

Additionally, "[a] defendant seeking . . . suppression . . . is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved would require the granting of relief." United States v. Longo, 70 F. Supp. 2d 225, 248 (W.D.N.Y. 1999). See also United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005) ("an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question").

"To meet that burden a defendant must, at a minimum, present his . . . claim through an affidavit of an individual with personal knowledge of the relevant facts." Longo, 70 F. Supp. 2d at 248. See also United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) ("[t]he law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge"). "[A]n attorney's affidavit, absent personal knowledge is insufficient to justify a suppression hearing". United States v. Cook, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004).

Both my Scheduling Order ([26], ¶2) and Amended Scheduling Order ([29], ¶1) cautioned the parties that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied without an evidentiary hearing."

Despite his awareness of this requirement, Glover's pretrial motion [31] was not accompanied by an affidavit (or declaration) from him. Therefore, Glover has not demonstrated

standing to contest the search of the vehicle. His reliance on unspecified police reports and body camera videos does not suffice. See United States v. White, 2018 WL 4103490, *8 (S.D.N.Y. 2018) ("[t]his Circuit has routinely rejected efforts by defendants to establish Fourth Amendment standing based on the Government's allegations or evidence"); United States v. Ruth, 65 F.3d 599, 605 (7th Cir. 1995) (the defendant could not carry his burden "simply by relying on the facts cited in the Federal Affidavit for a search warrant and testimony by [a DEA agent] at one of the hearings on the motion to suppress").

However, "there is a distinction between standing to contest the *search* of a vehicle and standing to contest the antecedent *stop* of the vehicle . . . . Defendants have standing to challenge the seizure of their persons in the context of a traffic stop regardless of their standing to challenge the subsequent search of the vehicle." United States v. Shine, 2019 WL 2442145, *4 (W.D.N.Y. 2019) (emphasis in original).

In challenging the stop, Glover alleges "upon information and information and belief" that "the basis for the stop was that [law enforcement] knew that [he] had a suspended license at some point in the past", and argues that such "past criminality" was "insufficient to permit a traffic stop". Texido Affirmation [31], ¶¶69-70. Even if Glover had submitted an affidavit or declaration with those allegations, it would be insufficient to establish a basis for suppression. Glover does not offer any basis for his belief that a previous license suspension was the basis for the stop. The police report attached to the government's Response merely states that the officer "had prior knowledge that Glover['s license] was suspended", not that officer based the stop on a prior suspension. [37-1] at 4. Nor does Glover allege that he held a valid license at the time of the stop. Without more, there is no support for Glover's contention that his "past criminality" was the basis for the stop. See government's Response [37] at 30.

For these reasons, I recommend that Glover's motion to suppress evidence from the stop be denied without a hearing.

**2.      Suppression of Statements**

Although Glover states that "it is not clear if the government intends to offer any statements made by [him] to law enforcement", he seeks suppression of the "statements that were disclosed" by the government on the grounds that they "were the result of (i) an unlawful detention, (ii) custodial interrogation without Miranda warnings, and (iii) a violation of the right to counsel" Texido Affirmation [31], ¶65.

This motion is also not supported by an affidavit or declaration from Glover, a requirement set forth in both of my Scheduling Orders in this case. For the reasons discussed above, I recommend that the motion be denied without a hearing.

**3.      Dismissal of Count 1**

Citing to New York State Rifle & Pistol Association v. Bruen, 597 U.S. 1 (2022), Glover moves to dismiss Count 1 of the Indictment, arguing that 18 U.S.C. §922(g)(1) (barring convicted felons from possessing firearms) violates the "Second and Fourteenth Amendments to the United States Constitution." Texido Affirmation [31], ¶75.

Prior to Bruen, the Second Circuit in United States v. Bogle, 717 F.3d 281, 281-82 (2d Cir. 2013), upheld §922(g)(1) as "a constitutional restriction on the Second Amendment rights of convicted felons."  The government argues, *inter alia*, that the Supreme Court's decision in Bruen did not overrule Bogle. *See* Government's Response [37] at 41-42. I agree.

"[N]umerous courts have concluded that the Bruen did not abrogate or overrule Bogle." United States v. Jakups, 2024 WL 361428, *2 (D. Conn. 2024). *See also* United States v. Fayton, 2023 WL 8275924, *5 (S.D.N.Y. 2023) ("the Court is aligned with every other Judge in this District who has written on this issue and concluded that Bogle survives Bruen . . . . [Since] nothing in Bruen is conflicting, incompatible, or inconsistent with anything in Bogle . . . . binding Second Circuit precedent in Bogle requires that the Court deny Defendant's motion to dismiss" (citing cases)); United States v. Hairston, 2024 WL 326667 (D. Conn. 2024) ("[e]very district court within the Second Circuit to consider the issue has held that § 922(g)(1) remains constitutional under Bogle"); United States v. Sternquist, 2023 WL 6066076, *6 (E.D.N.Y. 2023) ("this Court joins the other district courts in this Circuit that have considered post-Bruen challenges to § 922(g)(1)'s constitutionality in light of Bogle in finding that . . . Bogle remains binding precedent within this Circuit on the constitutionality of § 922(g)(1)"); United States v. Baker, 2023 WL 5511343, *3 (W.D.N.Y.), adopted, 2023 WL 5510401 (W.D.N.Y. 2023) ("this Court is bound by the Second Circuit's holding in Bogle").  Glover, who acknowledged at oral argument that the issue was only raised for purposes of preserving it on appeal, cites no contrary caselaw from this Circuit or elsewhere.

Therefore, I join "the courts in this Circuit that have ended their analysis of § 922(g)(1)'s constitutionality based on Bogle's binding effect" without engaging "in Bruen's textual and historical inquiries", United States v. Warren, 2023 WL 5978029, *6 (E.D.N.Y. 2023), and I recommend that this motion be denied.

B.        **The Government's Cross-Motion for Reciprocal Discovery**

The government cross-moves for the production of reciprocal discovery pursuant to Rule 16(b). *See* Government's Response [37], §XI. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Since Glover has not opposed this request, it is granted. The government also requests "advance disclosure of any statements [Glover] proposes to utilize at a trial of this matter" pursuant to Fed. R. Evid. 807. Government's Response [37], §XI. As Glover has also not opposed this request, it is likewise granted.

## CONCLUSION

For these reasons, the government's cross-motion for reciprocal discovery ([37], §XI) is granted, and I recommend that Glover's motions to suppress evidence, to suppress statements, and to dismiss Count 1 of the Indictment (Texido Affirmation [31], ¶¶63-77) be denied.

Unless otherwise ordered by District Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by March 19, 2024. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: March 5, 2024

                                                   _____
                                                   JEREMIAH J. MCCARTHY
                                                   United States Magistrate Judge