UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

      v.                                                           23-CR-69 (JLS) (JJM)

STEPHEN P. GLOVER, SR.,

            Defendant.

---

## DECISION AND ORDER

Defendant Stephen P. Glover, Sr., is charged in a two-count indictment with possessing a firearm after a previous felony conviction and possessing methamphetamine. *See* Dkt. 22.

Glover moved, among other things, to: (1) suppress evidence seized as a result of a December 14, 2022 traffic stop by the Jamestown Police Department; (2) suppress any statements made at the time of, and after, his arrest; and (3) dismiss Count 1 of the indictment.[1] *See* Dkt. 31, at 21–25.[2] The Government responded. Dkt. 37. Glover did not reply.

On February 7, 2024, Judge McCarthy[3] issued a Report, Recommendation, and Order ("R&R"), recommending that this Court: (1) deny Glover's motion to

---

[1] At the February 7, 2024 oral argument, Glover acknowledged that all other aspects of his pre-trial motions had been resolved. *See* Dkt. 38.

[2] All page references are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

[3] United States Magistrate Judge Jeremiah J. McCarthy was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 24.

suppress evidence seized as a result of the December 14, 2022 traffic stop; (2) deny Glover's motion to suppress any statements made during or after his arrest; and (3) deny Glover's motion to dismiss Count 1 of the indictment. *See* Dkt. 39.[4]

Glover first objects to the R&R's recommendation to deny his motion to suppress evidence. Dkt. 40, at 3–5. Specifically, he objects to the R&R's conclusions about the stop of the vehicle, arguing that (1) an affidavit from a person with knowledge is not necessary because no facts are disputed, and (2) the officer's prior knowledge that Glover's license was suspended was not a legally sufficient basis for the traffic stop. *See id.* He does not object to the R&R's conclusion regarding the search of the vehicle, or its recommendation regarding his motion to suppress statements. *See id.* Second, Glover objects to the R&R's recommendation to deny his motion to dismiss Count 1 of the indictment. *See id.* at 2. In particular, he argues that *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), rendered 18 U.S.C. § 922(g)(1)—the statute under which he is charged in Count 1—unconstitutional. *See* Dkt. 40, at 2. The Government responded to Glover's objections. Dkt. 42. Glover did not reply.

On dispositive motions, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1);

---

[4] Judge McCarthy also granted the Government's cross-motion for reciprocal discovery. *See id.* at 7. Because no party objected to that order, the Court does not address it here.

28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a district court need not review the recommendation of a magistrate judge to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

*De novo* review applies[5] to Glover's objections—all of which relate to recommendations on his suppression motions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). This Court carefully reviewed Judge McCarthy's recommendations and the relevant record. Based on that review, the Court accepts and adopts Judge McCarthy's recommendations to deny Glover's motions,[6] including the conclusion that Glover's suppression argument fails on the merits. *See Kansas v. Glover*, 589 U.S. 376, 380–81 (2020).

---

[5] The Court acknowledges the Government's argument that the Court should review Glover's objection to the R&R's motion-to-dismiss recommendation for clear error. *See* Dkt. 42, at 9; *see also id.* at 4–7. Because the Court's conclusion on this objection does not change based on the standard of review, the Court applies *de novo* review.

[6] The Court notes an additional point as to Glover's motion to dismiss Count 1. To the extent that there might be some daylight between *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013); *District of Columbia v. Heller*, 554 U.S. 570 (2008); and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), on the one hand, and *Bruen*, 597 U.S. 1, on the other hand, with respect to felony convictions not involving public safety or a sufficient risk of danger—such as the underlying felony of food-stamp fraud in *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023)—Glover's case does not present that fact pattern. Glover's underlying felony conviction is for criminal possession of a controlled substance in the fifth degree. Even if the Court were to apply the Third Circuit's analysis in *Range* (which it is not required to do), there is no basis to grant Glover's motion to dismiss.

3

## CONCLUSION

For these reasons, and those in the R&R, the Court **accepts and adopts** the recommendations in the R&R (Dkt. 39) and **denies** Glover's motions to suppress and motion to dismiss Count 1 of the indictment (Dkt. 31).

SO ORDERED.

Dated:   April 22, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE